**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**(PHILADELPHIA)**

| | |
|---|---|
| **IN RE:** | CHAPTER 13 |
| Keith B. Kratzke | CASE NO.: 20-13076-elf |
| Janet C. Kratzke | |
| **Debtors** | |

**STIPULATION IN SETTLEMENT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

It is hereby stipulated by and between Hill Wallack, LLP, counsel for Wilmington Trust, National Association, Not In Its Individual Capacity, But Solely As Trustee For MFRA Trust 2014-2 ("Movant"), and Brad J. Sadek, Esquire, counsel for the Debtors, as follows:

1.     The Automatic Stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2.     The Stipulation pertains to the property located at 379 Pine Run Road, Doylestown, PA 18901 (the "Property").

3.     The Debtors currently have a post-petition arrearage of **$34,091.91** representing the monthly payments due on the First Mortgage from **July 1, 2021** through **February 1, 2022** (8 months @ $2,680.97/mo.) and **March 1, 2022** to **July 1, 2022** (5 months @ $2,528.83/mo.) and Attorney's Fees and Cost in the amount of **$1050.00** plus **$188.00** with **$727.32** in suspense for a total of **$34,602.59**.

4.     Debtor is to pay the entire First Mortgage in full by selling the Property on or before **October 19, 2022**.

5.    The automatic stay of creditors pursuant to 11 U.S.C. §362(a) and 11 U.S.C. §1301 shall expire effective immediately on **October 20, 2022** without further order of this Court should the Debtors fail to sell the subject property and remit payment in full to the Movant on or before **October 19, 2022**.

6.    Counsel for the Movant retains the right to submit a proposed Order Granting Relief to this Court for entry memorializing said relief, which order waives the provisions of FED. R. Bankr. P. 3002.1 and Rule 4001 (a)(3) so as to confirm that the Relief Order is immediately effective and enforceable.  Movant is not required to request such an order for the relief set forth herein to become immediately effective on October 20, 2022.

7.    Conversion to a Chapter 7 on or before **October 19, 2022** shall not deem this Stipulation null and void and the terms and conditions of the Stipulation shall remain in full force as outlined in paragraphs **4** (four) through **6** (six).

8.    The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

9.    The parties agree that a facsimile signature shall be considered an original signature.


*/s/Angela C. Pattison, Esq.*                         */s/Brad J. Sadek*
Angela C. Pattison, Esquire                          Brad J. Sadek, Esquire
Counsel for Movant                                   Counsel for Debtors

*/s/LeRoy W. Etheridge, Esquire*\*\*
LeRoy W. Etheridge, Esquire on behalf of
Kenneth E. West, Chapter 13 Trustee
*\*\*The Trustee has no objection to the stipulation's terms, without prejudice to any of the Trustee's rights and remedies.*